UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA M. JOHNSON,

    Plaintiff,

v.

ELECTRONIC TRANSACTION
CONSULTANTS CORPORATION, et al.,

    Defendants.

Case No. C19-337-RAJ

ORDER

This matter comes before the Court on *pro se* Plaintiff Brenda Johnson's Motion for Temporary Restraining Order ("TRO"). Dkt. # 14. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).[1] To obtain a TRO, Plaintiff must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

---

[1] The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 (1977).

ORDER – 1

Having reviewed the Motion, the Complaint, and the applicable law, the Court concludes that Plaintiff has not carried her burden to establish these elements. Plaintiff generally alleges claims arising out of her employment with Defendants and the termination of her employment in 2014. Dkt. # 14 at 2-6. Plaintiff claims that Defendants breached her employment contract, were negligent, and violated her rights as a whistle-blower by not paying wages properly earned or "disability" payments. *Id.* Plaintiff requests a "temporary restraining order and payment for wages until litigation matters have been resolved." *Id.* at 4.

To the extent they are decipherable, Plaintiff's Complaint and Motion seem to be little more than collateral attacks on prior unsuccessful attempts at litigating these claims in federal court. *See, e.g.*, *Johnson v. ETCC*, Case No., 14-5872-RJB; *Johnson v. ETCC*, Case No., 17-6009-RJB. Plaintiff similarly fails to provide the Court with any proper legal authority for her nearly identical claims here. Plaintiff's Motion also fails to adequately set forth her entitlement to the wages she seeks, or for the requested relief of receiving wages during the pendency of this litigation. To the extent Plaintiff's claim is a "whistle-blower" claim, she fails to adequately identify what protected activity she engaged in that would entitle her to that status. Plaintiff also fails to show what irreparable harm would occur if she does not receive allegedly unpaid wages and monies from incidents that occurred approximately five years ago.

Even with the additional deference allowed for *pro se* litigants, Plaintiff has not established a likelihood of success on the merits, irreparable harm in the absence of a TRO, that the balance of equities tips in his favor, or that an injunction is in the public interest. Accordingly, the Court **DENIES** Plaintiff's Motion for TRO. Dkt. # 14.

DATED this 28th day of May, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 2