UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA M. JOHNSON,

    Plaintiff,

v.

ELECTRONIC TRANSACTION CONSULTANTS CORPORATION and WASHINGTON DEPARTMENT OF TRANSPORTATION,

    Defendants.

Case No. 19-cv-00337-RAJ

ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Reconsideration and Motion to Reopen Case. Dkt. # 26, 32. For the reasons below, those motions are **DENIED**.

## II. BACKGROUND

Plaintiff generally alleges claims arising out of her employment with Defendants and the termination of her employment in 2014. Dkt. # 14 at 2-6. Plaintiff claims that Defendants breached her employment contract, were negligent, and violated her rights as a whistle-blower by not paying wages properly earned or "disability" payments. *Id.* As the Court previously explained, Plaintiff's Complaint seems to be little more than collateral attacks on prior unsuccessful attempts at litigating these claims in federal court. *See, e.g.*, *Johnson v. ETCC*, Case No., 14-5872-RJB; *Johnson v. ETCC*, Case No., 17-6009-RJB.

ORDER – 1

Plaintiff similarly failed to provide the Court with any proper legal authority for her nearly identical claims here.

On July 3, 2019, the Court entered a Minute Order requiring Plaintiff to show cause no later than July 17, 2019 why this matter should not be dismissed without prejudice and without further notice for failure to prosecutor due to Plaintiff's failure to provide proper proof of service in compliance with Fed. R. Civ. P. 4(h). Dkt. # 21. Federal Rule of Civil Procedure 4(h) sets forth the requirements for effectuating service of process upon a corporation. On July 3, 2019, Plaintiff filed an "Affidavit of Mailing of Summons and Complaint to Washington Department of Transportation" and a "Certificate of Service," and on July 15, 2019, Plaintiff filed a "Declaration of Brenda Johnson re: Service of Amended Complaint and Summons." Dkt. # 23. Having determined that there was no evidence contained in Plaintiff's submissions that provides proof that proper service has been effectuated on Defendants in compliance with Fed. R. Civ. P. 4(h), the Court dismissed the Complaint. Dkt. # 25.

Plaintiff now moves for reconsideration and to reopen the case, claiming this Court has shown bias and obstruction of justice by dismissing the action. Dkt. ## 26, 32. The Court construes both motions as ones for reconsideration.

### III. DISCUSSION

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1).

To the extent, Plaintiff alleges manifest error due to bias, that contention is completely without merit. The Court is aware of no bias against Plaintiff or in favor of Defendants. Furthermore, there must be a factual showing of a reasonable basis for

ORDER – 2

questioning the impartiality of a judge, or allegations of facts establishing other disqualifying circumstances. *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985); *see also U.S. v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (explaining that disqualification under Section 455(a) is necessarily fact-driven and may turn on subtleties in the particular case). "Conclusory statements and unsupported beliefs and assumptions are of no effect." *Maier*, 758 F.2d at 1583.

Additionally, Plaintiff fails to present new facts that could not have been brought to the Court's attention with reasonable diligence. LCR 7(h)(1). Finding no other basis for relief, the Court **DENIES** Plaintiff's motions for reconsideration. Dkt. # 26, 32.

DATED this 20th day of September, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3