HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA M. JOHNSON,

    Plaintiff,

v.

ELECTRONIC TRANSACTION CONSULTANTS CORPORATION and WASHINGTON DEPARTMENT OF TRANSPORTATION,

    Defendants.

Case No. 19-cv-00337-RAJ

**ORDER**

## I.    INTRODUCTION

This matter is before the Court on various motions filed by Plaintiff in this matter. Dkt. ## 38, 40, 41, 42, 43. For the reasons below, the Court **STRIKES** the motions and **DISMISSES** the action with prejudice.

On October 4, 2019, the Court issued an order directing Plaintiff not to file any further papers in this action except for an amended complaint. Dkt. # 39; *see DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) (stating that in dealing with litigants, the federal courts possess inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances). In that same order, the Court also made clear that if Plaintiff did not file an amended complaint stating a cognizable claim for relief, the Court would dismiss the action with prejudice. Dkt. # 39. Instead of heeding the Court's instructions, Plaintiff continues to file numerous motions

ORDER – 1

and objections, all of which are extremely difficult to follow. *See, e.g.*, Dkt. ## 40-43.

When ordering a dismissal, the district court must weigh these factors: (1) the public's interest in expeditious resolution to litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic measures. *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Both the public interest in expeditious resolution and the Court's need to manage its docket weigh in favor of dismissal here. The Court's resources are limited and are best spent on cases with a strong chance of resulting in relief. Based on Plaintiff's complaint and her submissions to the Court, there is no discernable merit to her claim. Furthermore, there is also no risk of prejudice to Defendants who have not yet been properly served. And while the Court has considered less drastic measures, including limiting submissions to streamline resolution, Plaintiff has failed to comply with Court instruction. Therefore, the Court **DISMISSES** the action with prejudice. The Clerk is instructed to **STRIKE** the pending motions, enter judgment, and close the action.

DATED this 24th day of October, 2019.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 2